**STATE of Oklahoma, Appellant,**

v.

**Andre LEFEBVRE, Appellee.**

**Nos. S–93–842, S–93–843.**

Court of Criminal Appeals of Oklahoma.

May 31, 1994.

Monte Brown, Dist. Atty. of Pittsburg County, Ronald L. Boyer, Asst. Dist. Atty., McAlester, for appellant.

M. Todd Konsure, McAlester, for appellee.

## OPINION

STRUBHAR, Judge:

Appellant, State of Oklahoma, appeals the order of the District Court of Pittsburg County, dismissing Case Numbers F–92–588 and F–93–287. The District Court, the Honorable Robert Layden presiding, found the State failed to comply with discovery orders and dismissed Case Numbers F–92–588 and F–93–287 as a sanction for noncompliance as provided in *Allen v. District Court of Washington County*, 803 P.2d 1164 (Okl.Cr.1990). From this order, the State appeals. (22 O.S. 1991, § 1053(1)).

■ In its first assignment of error the State argues the trial court abused its discretion and exceeded its authority when it ordered the victim and her mother to submit to psychological evaluations. Title 22 O.S.1991, § 1053 allows the State to appeal the following cases and no other:

1. Upon judgment for the defendant on quashing or setting aside an indictment or information;

2. Upon an order of the court arresting the judgment;

3. Upon a question reserved by the state or a municipality; and

4. Upon judgment for the defendant on a motion to quash for insufficient evidence in a felony matter.

We decline to review the State's first proposition of error as it is statutorily proscribed.

The State asserts in its second and third assignments of error that the trial court abused its discretion in dismissing the charges against Appellee with prejudice as a sanction for its discovery violations. Appellant raises a question of first impression. We must decide if *Allen v. District Court of Washington County*, 803 P.2d 1164 (Okl.Cr. 1990), allows trial courts to dismiss charges with prejudice for the State's discovery violations.

■ In *Allen* this Court established very clear guidelines and procedures for meaningful pre-trial discovery. *Id.* at 1167–69. These procedures were adopted to provide for open discovery of appropriate material for both parties at the pre-trial stage in criminal proceedings. *Id.* at 1169. Such open discovery ensures that criminal trials are processes that seek justice. *Id.*

This Court also set forth a list of appropriate sanctions for noncompliance with *Allen* procedures by either party. *Id.* We held in the event the prosecution fails to comply with a relevant discovery order, appropriate sanctions may include one or more of the following: requiring the prosecutor to comply, granting the defendant additional time or a continuance, relieving the defendant from making a disclosure required by the court, prohibiting the prosecutor from introducing specified evidence or calling specified witnesses, and dismissing charges. *Id.* (emphasis added). This list of sanctions was not exhaustive, but merely illustrative. *Morgan v. District Court of Woodward County*, 831 P.2d 1001, 1005 (Okl.Cr.1992).

■ Clearly, dismissing charges is the harshest sanction a court may impose on the State for its noncompliance. Since *Allen* empowers trial courts to order appropriate relief, including dismissal of charges for noncompliance, no abuse of discretion arises simply because the sanctions imposed are severe. *Allen*, 803 P.2d at 1169; See also, *Wilkerson v. District Court of McIntosh County*, 839 P.2d 659, 661 (Okl.Cr.1992) (The severest sanctions may be appropriate against a defendant who does not comply with a discovery order where noncompliance is flagrant, even if that means denying the accused the right to present witnesses in his own defense.) Trial courts are and must be cloaked with broad judicial discretion regarding pre-trial discovery to ensure timely disclosure, *Stout v. State*, 693 P.2d 617, 625 (Okl.Cr.1984), *cert. denied*, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985), which includes the imposition of sanctions for noncompliance with discovery orders. *See, Morgan v. District Court*, 831 P.2d at 1005. (finding sanctions imposed by district court appropriate and not an abuse of discretion).

■ Although the *Allen* Court did not expressly provide for dismissal with prejudice, it did not limit the sanction to dismissal without prejudice. We find that trial judges must be free to fashion appropriate relief commensurate with the conduct of the non-

complying party. Because *Allen* includes dismissing the charges as an appropriate sanction, the trial judge is empowered and vested with the discretion to order that dismissal be with prejudice when the noncompliance is flagrant. To hold otherwise would allow the State to refile its case with little or no penalty leaving many defendants between Scylla and Charybdis.

The trial judge below found that the State's noncompliance with *Allen* amounted to prosecutorial misconduct. The record shows the only items the State provided to Appellee were three audio tapes of which the prosecutor had constructive possession for over a year. These tapes were not provided until the eve of trial, long after the discovery deadline passed and after Appellee moved to dismiss the charges. No other attempt at compliance appears from the record. In light of this flagrant disregard for the court's discovery order, we find no abuse of discretion in imposing the sanction of dismissal with prejudice. Accordingly, the order of the trial court dismissing Case Numbers F–92–588 and F–93–287 with prejudice is **AFFIRMED.**

LUMPKIN, P.J., JOHNSON, V.P.J., and LANE and CHAPEL, JJ., concur.